RECEIVED
USDC, CLERK, CHARLESTON, S

2009 JUN 24  A 11: 00

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Daniel Floyd,                            ) C/A No.2:09-1483-RBH-RSC
                                         )
              Plaintiff,                 )
                                         )
vs.                                      )
                                         )
Sheriff L. C. Knight;                    ) **Report and Recommendation**
Dorechestor County Detention Center;     )
Dr. Wimberly,                            )
                                         )
              Defendants.                )

The Plaintiff, Daniel Floyd (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is a detainee at the Dorchester Count Detention Center (DCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915.[2] Plaintiff, who seeks monetary damages, claims the Defendants have been deliberately indifferent to his medical needs. The complaint should be dismissed for failure to state a claim upon which relief may be granted.

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

## Pro Se and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if a court can reasonably read the pleadings to state a valid claim on which a plaintiff could prevail, it should do so. However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Background

Plaintiff states that he suffers from a chronic allergy condition "classified as Allergic Ritinitis." Upon his arrival at the DCDC, Plaintiff advised DCDC officials of his medical condition via a medical request. Plaintiff indicates his allergic condition was noted by staff. Plaintiff states the DCDC lacks a full time physician, therefore, DCDC medical staff "could not give the authorization for [Plaintiff] to receive the medication [he was taking] prior to [Plaintiff's] incarceration." However, Plaintiff states an alternative medication, "CTM", was provided.

Plaintiff received CTM for ninety (90) days. On April 29, 2009, Plaintiff was informed that DCDC policy required that his

medication be terminated at that time. Plaintiff submitted a grievance and was informed that he had been scheduled to see Dr. Wimberly. Plaintiff was also told by a DCDC nurse that CTM was available for purchase in the canteen, however, Plaintiff has had no funds available to purchase the medication. Plaintiff states his allergic condition causes "sleepless nights as a result of the constant skin irritations itching and burning eyes, sneezing, running sinus and throbbing headaches." Plaintiff seeks monetary damages for the Defendants' actions.

## Discussion

As an initial matter, one of the Defendants named in the instant action, the DCDC, is not amenable to suit under § 1983. It is well settled that only "persons" may act under color of state law, therefore, a defendant in a section 1983 action must qualify as a "person." For example, several courts have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law. *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969)(California Adult Authority and San Quentin Prison not "persons" subject to suit under 42 U.S.C. § 1983); *Preval v. Reno*, 57 F.Supp.2d 307, 310 (E.D. Va. 1999)("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983"); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D. N.C. 1989). As the DCDC is not a "person" amendable to suit under § 1983, this Defendant is entitled to summary dismissal from the action.

With respect to medical care, a prisoner in a § 1983 case "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). In *Estelle v. Gamble*, the Supreme Court also stated that not "every claim by a prisoner that he has not received adequate medical treatment states a violation." *Id.* at 105. Further, in *Miltier v. Beorn*, the Fourth Circuit Court of Appeals noted that the medical treatment at issue "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness" and that "mere negligence or malpractice does not violate the [Constitution]." *Miltier v. Beorn*, 896 F.2d 848, 851-852 (4th Cir. 1990)(citation omitted).

The instant complaint indicates that the Plaintiff received medical attention upon his arrival to the DCDC and medication for his allergic condition for ninety (90) days thereafter. Thus, the Plaintiff admits that the Defendants provided some medical attention, but complains that "proper medical treatment" was denied. Although the provision of medical care by prison or jail officials is not discretionary, the type and amount of medical treatment is discretionary. *See Brown v. Thompson*, 868 F. Supp. 326, 329, n. 2 (S.D. Ga. 1994)(collecting cases). Further, while the Constitution requires that prisoners be provided with a certain minimum level of medical treatment, "it does not guarantee to a prisoner the treatment of his choice." *Jackson v. Fair*, 846 F.2d

811, 817 (1st Cir. 1988). In the present action, the Defendants provided Plaintiff with medication for his allergic condition. Thus, the Plaintiff has failed to establish that the Defendants were deliberately indifferent to a serious medical need.[3]

Plaintiff also alleges a claim of negligence against the Defendants. However, the law is well settled that negligence, in general, is not cognizable under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328-336 & n. 3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345-348 (1986); *Pink v. Lester*, 52 F.3d 73 (4th Cir. 1995)(*Daniels* bars an action under § 1983 for negligent conduct); *Ruefly v. Landon*, 825 F.2d 792, 793-794 (4th Cir. 1987). Similarly, medical malpractice, a state law tort, is not actionable under 42 U.S.C. § 1983. *Estelle v. Gamble*, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner"). As Plaintiff's allegations do not rise to the level of deliberate indifference to medical needs, and negligence/medical malpractice are not constitutional violations under § 1983, the complaint should be dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[3] It is further noted that Plaintiff provides no factual information to indicate that his allergic condition constitutes a serious medical condition, which is required to state a cognizable claim of deliberate indifference. *See Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008).

### Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance of service of process. Plaintiff's attention is directed to the important notice on the next page.

                                                            /s/ Robert S. Carr
Robert S. Carr
United States Magistrate Judge

June 24, 2009
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).